Belknap, }
June, 1897. }

NEW HAMPSHIRE ASYLUM FOR THE INSANE *v.* BELKNAP COUNTY.

The state is chargeable with the support of an insane person transferred from the state prison to the asylum by order of the governor and council, until he is discharged therefrom according to law.

The state prison is not a "hospital" or "other charitable institution," within the meaning of *c.* 54, Laws 1895.

ASSUMPSIT, for the support of John Dugan. Facts agreed. October 2, 1891, Dugan, then and for some time before commorant in Belknap county, was committed to the state prison for

the term of three years, to which he was sentenced by the supreme court for that county, and since that time has been a pauper. April 25, 1894, by order of the governor and council, he was transferred from the prison to the asylum as an insane person. The governor and council notified the plaintiffs that the state would not be responsible for his support in the asylum after April 30, 1896, and the plaintiffs notified the defendants that after that time his support would devolve upon them. The action is for the expense of his support after April 30, 1896. He is not chargeable on any other county, or on any town or person.

*E. A. & C. B. Hibbard*, for the plaintiffs.

*William B. Fellows*, solicitor, for the defendants.

CARPENTER, C. J. "The governor and council . . . may transfer any prisoner who is insane to the asylum for the insane, to be there kept at the expense of the state, whenever they are satisfied that such . . . transfer will be conducive to the health and comfort of the person and the welfare of the public." P. S., c. 255, s. 4. There is nothing in the statute indicating that the liability of the state for the support of a prisoner transferred to the asylum is to terminate at the end of the term for which he is sentenced. He is to be kept in the asylum at the state's expense until he is discharged according to law. The place of his residence or settlement is immaterial. The state prison is not a "hospital" or "other charitable institution" within the meaning of the act of March 21, 1895, which provides that "Any person who shall become a pauper or public charge while at any orphans' home, hospital, home for the aged, or other charitable institution, or within three months after leaving such institution, shall be chargeable for support to the county in which he last resided before entering such institution, unless such person has a settlement in some town, or some other county is liable for his support." Laws 1895, c. 54. The act has no application to the present question.

*Judgment for the defendants.*

All concurred.